UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLMEDO RESTREPO,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM INDEMNITY CO.,<br><br>Defendant. | Civil Action No. 22-1820 (GC) (LHG)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Plaintiff Olmedo Restrepo's ("Plaintiff") Motion for Default Judgment. (Pl.'s Mot., ECF No. 7.) Defendant State Farm Indemnity Co. ("Defendant") filed a Cross-Motion for Leave to File an Answer. (Def.'s Cross-Mot., ECF No. 8.) Plaintiff did not oppose Defendant's Cross-Motion. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure[1] ("Rule") 78 and Local Civil Rule 78.1.

Rule 55 allows a court "to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Whether to grant default judgment is left "primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3rd Cir. 1951)). The decision to set aside an entry of default is also primarily left to the district court's sound discretion. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (citing *Tozer*, 189 F.2d at 244). Indeed, courts

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

generally disfavor default judgment because "the interests of justice are best served by obtaining a decision on the merits." *Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 173 (E.D. Pa. 2000) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)); *see also Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008) (confirming that "default judgments are generally disfavored in" the Third Circuit). The Third Circuit requires that courts consider four factors when deciding to vacate the entry of default: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Emcasco Ins. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987) (citations omitted).

Here, the Court finds that (1) vacating the default will not prejudice Plaintiff, (2) Defendant's conduct was neither willful nor in bad faith; and (3) it need not impose alternative sanctions. The Court recognizes that Defendant did not raise a meritorious defense to the underlying action in its motion papers, as evidenced by its briefing and the "simple denials" provided in Defendant's proposed Answer. (*See generally* Def.'s Cross-Mot. Br., ECF No. 8-2; *see also $55,518.05 in U.S. Currency*, 728 F.2d at 195 (citations omitted) (finding the showing of a meritorious defense is accomplished only where "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action" and where an answer alleges "specific facts beyond simple denials or conclusionary statements").) Nevertheless, based on the

great weight of the other factors favoring against default judgment,[2] the Court's inherent discretion, and the general disfavor of default judgments, the Court finds good cause to deny Plaintiff's Motion and grant Defendant's Cross-Motion. *Cf. Emcasco*, 834 F.2d at 75 (making clear that default judgment is an "extreme action" that should be a sanction of last resort). Accordingly,

IT IS, on this 28th day of February 2023, **ORDERED** that:

1. Plaintiff's Motion for Default Judgment (ECF No. 7) is **DENIED**.

2. Defendant's Cross-Motion for Leave to File an Answer (ECF No. 8) is **GRANTED**. The Clerk shall vacate the entry of default.

3. Defendant shall answer or otherwise respond by **March 28, 2023**.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[2] Defendant claims that an "administrative error related to a relatively new file system platform" led to its failure to timely file an Answer. (Def.'s Cross-Mot. Br., at *1.) The Court finds this excuse sufficient to show Defendant's conduct was neither willful nor in bad faith. This finding by the Court is further corroborated by Defendant's contention that it immediately sought to correct its error when the mistake was brought to its attention. (*Id.* at *2.) The Court also finds that at this early stage of litigation Plaintiff will not be prejudiced, and therefore, the entry of default is vacated and Plaintiff's Motion for Default Judgment is denied. *See Jimenez v. Marnell*, No. 06-2676, 2006 WL 3313971, at *4 (D.N.J. Nov. 14, 2006) (vacating an entry of default and finding no prejudice to plaintiff where the "action is still in its earliest stages").